IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| HEMACARE PLUS, INC., | ) | |
|     Third-Party Plaintiff. | ) | |
| | ) | CIVIL ACTION 16-00079-KD-M |
| v. | ) | |
| | ) | |
| JANIS SPRATLIN, | ) | |
|     Third-Party Defendant. | ) | |

# ORDER

This matter is before the Court on Third-Party Plaintiff Hemacare Plus, Inc. (Hemacare)'s Rule 41(a)(2) motion to dismiss its claims against Third-Party Defendant Janis Spratlin (Spratlin) without prejudice. (Doc. 58).

Rule 41 governs dismissals. Any dismissal based on Hemacare's request -- given that Spratlin has filed an Answer (Doc. 47) and has not consented to a stipulation of dismissal -- must be accomplished pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure "on terms the Court considers proper" via Court order. With regard to the Court's discretion and as enunciated in Fountain v. Forniss, 2013 WL 360261, *3 (N.D. Ala. Jan. 25, 2013):

> The decision to grant or deny a Rule 41(a)(2) motion to dismiss an action without prejudice is entrusted to the sound discretion of the district court….in exercising its discretion, the court must 'keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of defendants.'…..

Additionally, the Eleventh Circuit specified in Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255–1256, 1259 (11th Cir. 2001) (footnotes omitted) that:

> The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2). *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir. 1986). "[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other then the mere prospect of a subsequent lawsuit, as a result." *Id*. at 856–57. "The crucial question to be determined is, Would the defendant lose any substantial right by the dismissal." *Durham v. Florida East Coast Ry. Co*., 385 F.2d 366, 368 (5th Cir. 1967). In exercising its "broad equitable discretion under Rule 41(a)(2)," the district

court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *McCants*, 781 F.2d at 857. Accordingly, we review a district court's decision to allow a voluntary dismissal without prejudice under Rule 41(a)(2) only for an abuse of discretion. *Id*.

\*\*\*

... the district court did not abuse its broad discretion in allowing Pontenberg to dismiss voluntarily her action ... without prejudice under Rule 41(a)(2). Neither the fact that the litigation has proceeded to the summary judgment stage nor the fact that the plaintiff's attorney has been negligent in prosecuting the case, alone or together, conclusively or per se establishes plain legal prejudice requiring the denial of a motion to dismiss. *See Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366 (5th Cir. 1967).

\*\*\*

Under our circuit precedent, delay alone, in the absence of bad faith, is insufficient to justify a dismissal with prejudice, even where a fully briefed summary judgment motion is pending. *See Durham*, 385 F.2d at 368; *McCants*, 781 F.2d at 858.

And while the Eleventh Circuit "has not explicitly adopted factors that a trial court should evaluate" when assessing a Rule 41(a)(2) motion to dismiss with or without prejudice, "substantial discretion is vested in the district court to determine and implement a just resolution." *BMC–The Benchmark Mgmt. Co. v. Ceebraid–Signal Corp.*, 2007 WL 2126272, \*5 (N.D. Ga. July 23, 2007) (citations omitted).… when courts have denied a….Rule 41(a)(2) motion to dismiss without prejudice, the following factors were important considerations: the length of time and amount of resources spent by the defendant, dilatory tactics on the part of the plaintiff and the presence of a pending summary judgment motion. *Id*.

After consideration of the relevant factors, the Court finds that dismissal of Hemacare's third-party complaint against Spratlin, without prejudice, is appropriate. Accordingly, it is **ORDERED** that Hemacare's motion (Doc. 58) is **GRANTED** and pursuant to Rule 41(a)(2) it is **ORDERED** that Third-Party Plaintiff Hemacare Plus, Inc.'s third-party complaint against Third-Party Defendant Janis Spratlin (Doc. 6) is **DISMISSED without prejudice.**

As no other claims remain, the Clerk is **DIRECTED** to close this case.

**DONE** and **ORDERED** this the **8th** day of **May 2017.**

    /s/ Kristi K. DuBose
    **KRISTI K. DuBOSE**
    **CHIEF UNITED STATES DISTRICT JUDGE**