# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CARDINAL HEALTH 108, LLC, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 16-00079-KD-M |
| ) | |
| HEMACARE PLUS, INC., ) | |
|     Defendant/Third-Party Plaintiff. ) | |
| ) | |
| v. ) | |
| ) | |
| JANIS SPRATLIN, ) | |
|     Third-Party Defendant. ) | |

## ORDER

This matter is before the Court on Plaintiff Cardinal Health 108, LLC (Plaintiff)'s motion for entry of a Rule 58 final judgment, which includes a request for an additional award of $163,122.90 in prejudgment interest. (Doc. 60).

On January 11, 2017, this Court issued an order ruling that: "Plaintiff's Motion for Summary Judgment (Docs. 20, 22) is **GRANTED in part** and **DENIED in part** as set forth *supra* in the total amount of **$688,920.62** comprised of: $667,565.69 (plus interest accruing at the contractual rate) on Cardinal's claims for breach of contract, account stated and open account; **$20,867.50** in attorney's fees; and $487.43 in costs."[1] (Doc. 49). On that date, Plaintiff was terminated as a party to this case and only Third-Party Plaintiff Hemacare Plus, Inc.'s claims against Third-Party Defendant Janis Spratlin remained. On May 9, 2017, on motion, this Court dismissed Third-Party Plaintiff Hemacare Plus, Inc.'s claims against Third-Party Defendant Janis Spratlin. (Doc. 59). As all the claims in this case were resolved, the Clerk closed the case.

---

1 Plaintiff asserted that the contractual sum due was $667,565.69 as of December 31, 2015.

1

Thereafter, Plaintiff filed a motion for entry of a Rule 58 final judgment in its favor in the amount of $852,043.52 (principal $667,565.69, prejudgment interest $163,122.90, attorneys' fees $20,867.50, and costs $487.43). (Doc. 60). In so doing, Plaintiff has added $163,122.90 to the Court's January 2017 award, citing the contractual interest rate of 1.5% per month set forth in Doc. 1-2, and asserting that as of "May 9, 2017, 16 months and 9 days have passed…[since the December 31, 2015 balance due]….Sixteen months at 1.5% monthly interest on $667,565.69 equals $160,215.76. Nine additional days equals $2,907.14, which brings the grand interest total to $163,122.90." (Doc. 60 at 1 at note 2). As such, Plaintiff sought interest running from the date the balance was due, December 31, 2015, through the date that Hemacare's claims against Spratlin were dismissed, May 9, 2017.

While this Court found the award of prejudgment interest appropriate in its January 2017 ruling, the 1.5 % contractual interest rate, under Tennessee law (which governs), applies to *pre*-judgment interest. As set forth in Grubb & Ellis/Centennial, Inc. v. Gaedeke Holdings, Ltd., 217 Fed. Appx. 390 (6th Cir. 2007), this means:

> …Under Tennessee Code Annotated section 47–14–109(b)…."[l]iquidated and settled accounts, signed by the debtor, shall bear interest from the time they become due." Here, the liquidation requirement is satisfied because "the amount of the debt is certain or can be made certain by mere computation." Performance Sys., Inc. v. First Amer. Nat'l Bank, 554 S.W.2d 616, 618–19 (Tenn.1977)….

This suggests that the contractual interest rate of 1.5% runs from the date it "become[s] due" to the date that the amount the debt is certain or can be made certain. The date the debt became due is December 31, 2015, and the date the debt was made certain is the date of the Court's ruling on Plaintiff's summary judgment, January 11, 2017, as that ruling resolved all of Plaintiff's claims (denying in part and granting in part) and awarded a sum certain in its favor.

2

Thus, the 1.5% contractual interest runs from December 31, 2015 through January 11, 2017 -- not from December 31, 2015 through May 9, 2017.

Plaintiff now concedes it is only due 1.5% contractual interest from December 31, 2015 - January 11, 2017 (12 months and 11 days) and withdraws its prior position that interest runs until May 9, 2017. (Doc. 62). Plaintiff thus amends its request to now seek an award totaling **$812,635.61** (principal $667,565.69, prejudgment interest $123,714.99, attorneys' fees $20,867.50, and costs $487.43). (Id.) As such, the 1.5% contractual prejudgment interest amount is **$123,714.99**. The Court finds such proper under the applicable law and contract provision.

Plaintiff moves now pursuant to Rule 58 of the Federal Rules of Civil Procedure for entry of final judgment in its favor. The motion is **GRANTED.**

**DONE** and **ORDERED** this the **15th** day of **May 2017.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**